

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 20, 1970

Honorable Charles Murphy
Director
Texas Aeronautics Commission
204 W. 16th Street
Austin, Texas

Opinion No. M-559

Re: Whether an airplane owned
and operated by a State
agency may be covered by
liability insurance pur-
chased under the provisions
of Article 6252-19, V.C.S.,
(Texas Tort Claims Act),
or Article 6252-19a, V.C.S.,
and related questions.

Dear Mr. Murphy:

You have requested the opinion of this office on the follow-
ing questions:

"1.   May liability insurance be procured by
the Texas Aeronautics Commission on an airplane
under either the provisions of the Texas Tort Claims
Act or H.B. 203 of the 61st Legislature?   The airplane
is owned and operated by the Texas Aeronautics Com-
mission.

"2.   May liability insurance covering premises'
defects be procured by the Texas Aeronautics Com-
mission under either the provisions of the Texas
Tort Claims Act or H. B. 203 of the 61st Legislature?"

In answering your first question, we would note that the Texas
Tort Claims Act, Article 6252-19, Vernon's Civil Statutes, gener-
ally authorizes a governmental unit to purchase liability insurance
to cover its operations.   However, in Article V, Section 57, the
General Appropriation Bill forbids the expenditure of appropriated
funds for the purchase of liability insurance to cover tort claims

-2668-

which arise under the Tort Claims Act. If funds are available for the purchase of such insurance, it can only be through the authority of H.B. 203, codified as Article 6252-19a, Vernon's Civil Statutes, which is quoted as follows:

"Section 1. The state departments who now own and operate motor vehicles shall have the power and authority to insure the officers and employees from liability arising out of the use, operation, and maintenance of automobiles, trucks, tractors and other power equipment used or which may be used in the operation of such department. Such insurance shall be provided by the purchase of a policy or policies for that purpose from some liability insurance company or companies authorized to transact business in the State of Texas. All liability insurance so purchased shall be provided on a policy form or forms approved by the State Board of Insurance as to form and by the Attorney General as to liability.

"Section 2. In case said department elects not to so insure its employees against liability as above mentioned:

"An employee of the State of Texas, in addition to any compensation provided in the General Appropriations Act, shall receive as compensation any sum of money expended by such employee for automobile liability insurance required of such employee by the department, agency, commission, or other branch of the state government for which such employee is employed."

Although the term "motor vehicles" is not precisely defined in the above quoted statute, it is linked with specific equipment of the road-use type. Further, in Section 2 we note that the alternative method of insuring makes specific reference to "automobile liability insurance". Moreover, since aircraft insurance policies are contracts that differ completely from standard automobile insurance contracts, it is our view that the above quoted statute cannot be interpreted so as to include State-owned and operated aircraft within its authorization.

In specific answer to your question number one, you are advised that it is the opinion of this office that appropriated funds may not be used to purchase liability insurance on an aircraft under the Texas Tort Claims Act, Article 6252-19. An aircraft is not a "motor vehicle" within the terms of Article 6252-19a, and personal liability insurance may not be purchased for employees operating such aircraft. We have been advised that the Texas Aeronautics Commission owns and operates only one aircraft, and no other means of transportation of any kind. Under such circumstances the Commission would have no authority to purchase personal liability insurance for any employee under X. B. 203 (Article 6252-19a).

With regard to your second question, liability insurance covering premises defects may be purchased under the authority of the Texas Tort Claims Act, providing that no presently appropriated funds are used. Article 6252-19a, quoted supra, permits only the purchase of insurance to cover the personal liability of an employee incurred by his operation of a State-owned vehicle in the course and scope of his employment. Such authorization does not extend to the purchase of liability insurance covering premises defects.

## S U M M A R Y

Presently appropriated funds may not be used to purchase liability insurance to cover tort claims which arise under Article 6252-19, V.C.S., the Texas Tort Claims Act.

An aircraft is not a "motor vehicle" within the terms of Article 6252-19a, V.C.S., and personal liability insurance may not be purchased for employees operating such aircraft.

A governmental agency may purchase liability insurance covering premises defects under the

Honorable Charles Murphy, page 4 (M-559)

Texas Tort Claims Act, providing that no appro-
priated funds are used. Article 6252-19a does
not permit the purchase of premises defect
insurance.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Houghton Brownlee
Roger Tyler
Louis Neumann
Wardlow Lane

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant